*241 OPINION” of the Court, by
Ch. J. Boyle.
This ss an appeal from a decree enjoining a judgment at lav/ in an action of slander and awarding a new trial.
It cannot be doubted that cases may occur m which the interposition of a chancellor for the purpose of granting a new trial would be proper.
But this is admissible only where the party making the application, from circumstances not produced by his neglect nor within his control, had it not in his power taapply for a new trial and enforce his application before the court who tried the cause.
In this case it is not pretended that any such circumStances existed ; on the contrary it is manifest, not only that the defendant in the action was present at the trial and might if the verdict were unjust have applied to that court to sec it aside, but that he has now no pretensions to urge in a court of equity for a new trial of which he could not have availed himself at law @n a motion for that purpose.
*242 But passing ever this objection, the .case will still be found utterly destitute of any circumstaaces which can justify the decree given in the court below.
The bill presents but two points which saem to be relied on for a new trial.
^rst js the refusal of the court to continue the cause at the term at which it was tried. The reasons alleged for a continuance 'were stated in a bill of exceptions to the opinion of the court, and the cause brought up, when the opinion af the court below was affirmed arid the reasons alleged for the continuance adjudged insufficient—See Hardin’s Rep. 224. The case as made out in the bill presents in this respect no new features, and it is clear tha| circumstances which were insufficient for a continuance of the cause can furnish no legal grounds lor a new trial.
The other point alleged for a new trial is that the words charged were proved by one witnesss only, who was of doubtful character. This is denied by the answer and not satisfactorily shewn by the proof.
But were it admitted, as the credibility of the witness belonged to the peculiar province of the jury to decide, it would not of itself furnish a cause for a new trial, more especially after two,concurring verdicts, which had in this case been found for the plaintiff.
It is therefore decreed and ordered, that the decree of the circuit court be reversed, annulled and set aside, and that the cause be remanded to said court, who are hereby directed to enter up a decree that the injunction be dissolved with ten per cent, damages on the amount of the judgment at law, and the bill be dismissed with Costs, &e.